JOSEPH A. VELEZ
ATTORNEY AT LAW (SBN: 16059)
7272 E. Indian School Rd., Ste. 111
Scottsdale, Arizona 85251
480.710.5079
Attorney for Plaintiff

# IN THE UNITED STATES FEDERAL COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| AMADO  GONZALEZ, | **No.** |
| Plaintiff, | **COMPLAINT** |
| vs. | Discrimination & Retaliation |
| FLEXIBLE  TECHNOLOGIES, Inc., an Arizona corporation, | JURY TRIAL DEMANDED |
| Defendant, | |

Comes now Amado Gonzalez, the Plaintiff in this action, by and through his attorney Joseph A. Velez, and files this his Complaint against Defendant Flexible Technologies, Inc., and alleges the following:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Amado Gonzales, (hereinafter "Plaintiff" or "Mr. Gonzalez") is an adult resident of the County of Maricopa, Arizona.

2.  Defendant Flexible Technologies, Inc. (hereinafter "Flexible" or "Employer" or "Defendant") is an Arizona corporation conducting business in Arizona. Flexible is an "employer" as defined by 42 U.S.C. §2000e(b).

Law Office of Joseph A. Velez
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251

**Law Office of Joseph A. Velez**
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251

3.    Defendant employer is a manufacturing business.

4.    This Court has jurisdiction over Plaintiff's complaint by virtue of 28USC§1331, the federal question at issue arising from the fact that Plaintiff's complaint is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq.

5.    Venue in the District of Arizona, Phoenix Division, is appropriate because the Plaintiff resides in Maricopa County, Arizona, the defendant is a company doing business in Maricopa County, Arizona, and the operative facts giving rise to this cause of action occurred in Maricopa County, Arizona.

## FACTS GIVING RISE TO COMPLAINT

6.    Plaintiff Gonzalez is a male who is of Mexican national origin.  He was at all times pertinent to this complaint, employed by Defendant Flexible Technologies, Inc. (hereinafter "Flexible" or "Employer" or "Defendant").

7.    Mr. Gonzalez, was employed by Flexible from May, 2005, until his termination on November 3, 2008.

8.    Plaintiff Gonzalez worked at Flexible as a machine operator, and during his years of employment with the Flexible, Mr. Gonzalez met the work performance expectations that Flexible placed upon him.

9.    Plaintiff Gonzalez was managed by a supervisor named Jody Stewart. In late 2007, Mr. Gonzalez began noticing that his manager treated the White employees different than the Mexican employees. Jody Stewart is a White male.  These differences included sending the

Law Office of Joseph A. Velez
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251

Mexican employees home earlier than the Whites when when the machines were shut down due to a slow down in work, which led to loss of wages for the Mexican employees.

10.    Jody Stewart engaged in other discriminatory conduct, such as reprimanding the non-Whites for horseplay, while saying nothing, nor taking any action against the White employees for the same conduct. Also, during work breaks, Jody Stewart would order the non-Whites (Mexicans) back to work when it was time to return to work, however, he and the White employees would take extra time during their breaks to finish smoking their cigarettes.

11.    When Plaintiff Gonzalez complained to Jody Stewart about the apparent differences in treatment between the White machine operators and non-Whites, Mr. Stewart became visibly angry and hostile towards Plaintiff Gonzalez. In fact, on more than one occasion Plaintiff Gonzalez complained to Mr. Stewart the obvious bias and favoritism shown to Whites, only to be met with a hostile and threatening demeanor.

12.    Since Mr. Stewart was unwilling address the complaints by Plaintiff, Mr. Gonzalez contacted the company's human resources department and verbally complained about the discrimination to Harriet Simpson. This occurred on or about October 8, 2008. Ms. Simpson said that the company would investigate the complaints made by Mr. Gonzalez.

13.    Six (6) days later, on October 14, 2008, Jody Stewart angrily confronted Mr. Gonzalez and asked him why he had complained to human resources. Apparently, Mr. Stewart had learned that Plaintiff Gonzalez had reported the discriminatory conduct to the human resources department. Then, without warning or justification, Jody Stewart suspended Plaintiff Gonzalez immediately following this confrontation (on October 14, 2008). Prior to October 14, 2008, Plaintiff Gonzalez had never been written up for deficient performance by his employer Flexible.

Law Office of Joseph A. Velez
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251

14. The next day, on October 15, 2008, Plaintiff Gonzalez received his paycheck by mail. Curiously, he also received pay for his unused vacation, which led him to believe that the company's intention might be to terminate him.

15. Plaintiff was kept on suspension from October 14, 2008, until he was informed that he was terminated on November 3, 2008 (See termination letter attached as Exhibit 1).

16. As a result of the discrimination, hostile work environment and retaliatory firing, Plaintiff Gonzalez has suffered emotional distress, humiliation, embarrassment, and lost wages.

## COUNT ONE - DISCRIMINATION

17. Plaintiff Gonzalez reincorporates by reference the foregoing allegations.

18. The treatment Plaintiff Gonzalez received from his supervisor Jody Stewart and Flexible as described above constituted a hostile work environment and discrimination that Flexible allowed to continue, in violation of 42 U.S.C. §2000e-2(a).

19. Plaintiff Gonzalez has satisfied the administrative requirements of 42 U.S.C. §2000e-5 by filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, and he has received a notice of right to sue (Exhibit 2).

20. As part of the EEOC's investigation of Plaintiff's Charge of Discrimination, a determination was made by the EEOC that the employer suspended the Mr. Gonzalez, and later terminated him for engaging in protected activity (Exhibit 3).

Law Office of Joseph A. Velez
7272 E. Indian School Rd., Suite 111

## COUNT TWO - RETALIATION

21. Plaintiff Gonzalez reincorporates by reference the foregoing allegations.

22. Plaintiff Gonzalez alleges further that the retaliatory acts he alleges that followed his complaints constitute unlawful retaliation in violation of 42 U.S.C. §2000e-3(a).

23. Plaintiff Gonzalez has satisfied the administrative requirements of 42 U.S.C. §2000e-5 by filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, and he has received a notice of right to sue (Exhibit 2)

24. As part of the EEOC's investigation of Plaintiff's Charge of Discrimination, a determination was made by the EEOC that the employer suspended the Mr. Gonzalez, and later terminated him for engaging in protected activity (Exhibit 3).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF Amado Gonzalez prays for judgment as follows:

1.      Awarding back pay in such amount as shall be proven at trial to have resulted from the Flexible's unlawful employment practices, including an award of back pay in the amount he shall prove at trial to equal his loss of earnings and benefits on account of the termination of his employment;

2.      Awarding compensatory damages in an amount sufficient to compensate Mr. Gonzalez for his embarrassment, humiliation, emotional distress, injury to reputation and any other damages as he may prove at trial;

1   3.      Awarding Gonzalez his attorney's fees, expert witness fees and costs as

2           authorized by 42USC§1988 (b);

3

4   4.      Awarding such other and further relief as the court deems just and proper

5                          DATED this 18 day of April, 2011:

6

7                                                      /s/ Joseph Velez

8           _____
9                                       JOSEPH A. VELEZ
10                          7272 E. Indian School Rd., Ste. 111
11                                 Scottsdale, Arizona 85251
                                           480.710.5079
12                                      Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Law Office of Joseph A. Velez**
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251

# Exhibit: 1



FLEXIBLE TECHNOLOGIES, INC.
P.O. Box 888, 528 Carwellyn Road
Abbeville, South Carolina 29620
(864) 366-5441

November 3, 2008


Mr. Amado Gonzalez-Anguiano
3006 S. 101st Lane
Tolleson, AZ.   86353

Dear Amado,

Your employment with Flexible Technologies is terminated, effective November 3, 2008, due to misrepresentations made by you to management.  I have made two attempts to contact you so that this could be communicated to you in person, including a phone message left on October 27, 2008 and a verbal message left with a party at your house on October 28, 2008.

You may contact me if you have any questions regarding the termination.  You will receive your notice of rights to continue your insurance through COBRA by mail.  As a 401(k) participant, you can contact Fidelity directly regarding your account.

Sincerely,


Jody Stewart
Manufacturing Manager

smiths

# Exhibit: 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Phoenix District Office

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Direct Dial: (602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Amado Gonzalez
3006 S. 10th St
Tolleson, AZ 85353

Re:  Charge No.: 540-2009-00718
Amado Gonzalez vs. FLEXIBLE TECHNOLOGIES INC.

Dear Mr. Gonzalez:

The Commission has determined that it will not bring a lawsuit against the above named respondent.  The issuance of the enclosed Notice of Right to Sue under Title VII of the Civil Rights Act of 1964, as amended, concludes the processing of your charge by the Commission.  If you decide to sue, you must file a lawsuit in Federal District Court **within 90 days of receipt** of this letter and Notice of Right to Sue.

If you file suit, please forward a copy of your court complaint to this office within 10 days. We can then preserve your file and consider your suit when taking other actions.  If you have any questions regarding the legal remedies available to you as set out above, please contact the EEOC representative listed in the enclosed Notice of Right to Sue.

Sincerely,

*Yvonne Gloria-Johnson*

JAN 2 5 2011
_____
Date

Rayford O. Irvin
District Director

Enclosure: Notice of Right to Sue

# Exhibit: 3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Charge No. **540-2009-00718**

Amado Gonzalez                                     Charging Party
3006 S 10ᵗʰ St.
Tolleson, AZ. 85353

Flexible Technologies, Inc.                        Respondent
PO Box 888
528 Carwellyn Rd.
Abbeville, SC. 29620

## D E T E R M I N A T I O N

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleged that he was discriminated against because of his national origin, Mexican, in that he was sent home without pay more frequently than a non-Mexican machine operator. Charging Party also alleged that other employee's machines were given priority with regard to repairs and that Mexican employees were rushed by a supervisor to return to work from breaks while non-Mexican employees were not. Finally, Charging Party alleged that he was suspended and subsequently discharged for engaging in a protected activity.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that there is a violation of Title VII in that Respondent suspended Charging Party and subsequently terminated his employment for engaging in a protected activity. The Commission makes no finding regarding any other allegation made in the charge.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the confidentiality provisions of Title VII and Commission Regulations.

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement. Those terms should be provided to the Commission representative, **Michael Jaimez**, at (602) 640-5020 within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole, and to provide corrective and preventative relief. These

remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or liquidated damages, and notice to employees of the violation(s) and the resolution of the charge.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent within 14 days, we may conclude that further conciliation efforts in this matter would be futile or non-productive.

On behalf of the Commission:

OCT 2 9 2010

_____
Date

_Rayford O. Irvin_

Rayford O. Irvin
District Director

# THE CONCILIATION PROCESS

The Commission attempts conciliation (settlement) where it finds reasonable cause to believe that violations of the statutes enforced by the Commission have occurred. Conciliation is a process of negotiation designed to achieve a mutually agreeable resolution of all violations found and to obtain a written agreement which provides appropriate affirmative relief. The Commission is a separate party in the negotiations and represents the public interest.

Because the Letter of Determination represents the official position of the Commission, the purpose of conciliation is *not* to discuss the merits of the case, provide a forum for rehearing the facts or to be used for discovery or fact finding.

The conciliation process is designed to discuss possible remedies and to arrive at an agreement which is in the best interests of the parties and in compliance with the law. In a cause letter of determination with an affected class of victims, the Respondent should be prepared to discuss possible remedies for the class.

## Preparing for Conciliation

To reach common ground for a mutual resolution, the following suggestions are offered to assist the parties in achieving a successful conciliation.

- Understand the difference between conciliation and litigation (law suit).

- Understand the importance for all participants to avoid an adversarial approach. Focus on resolution... not personality, blame, or determinations.

- Think of as many different settlement options as you can, even if an idea only resolves part of the dispute. Your list of potential options when added to those of other parties can then be used to begin a positive discussion.

## Confidentiality

The Commission is bound by confidentiality regarding anything said during the conciliation process under the Commission's procedural Regulations and legal guidelines. Confidentiality, however, will not extend to threats of imminent physical harm or incidents of violence.

## Failed Conciliation

Before conciliation efforts fail, the following factors should be considered:

**1. Charging Party and Respondent should realize that:**

A. If conciliation fails, charges filed against private employers will be referred to the Commission's legal unit, which will decide whether to litigate the violations in court. (This procedure also applies to age and equal pay charges against public employers.)

B. If conciliation fails, charges filed against public employers will be referred to the U. S. Department of Justice, which will decide whether to litigate. (This procedure does not apply to age and equal pay charges against public employers.)

C. A lawsuit takes an average of at least two years to be heard in court, and some may take much longer.

D. Additional costs may be incurred, including attorney fees, court fees, time, and administrative resources.

E. Either party may lose in court.

2. **Respondent should also consider:**

A. The next step is to wait and find out if the Charging Party or the Commission (or Justice Department) files suit against you.

B. Charging Party or the Commission may decide to search for additional harmed members, witnesses, evidence, etc.

C. Additional legal expenses and the possibility of defending the case against the Charging Party, or the Commission if it decides to take the case to court.

D. Adverse publicity which often accompanies the filing of a law suit.

E. The conciliation process allows you to work out a remedy that will suit your business interests, rather than a possible court directed remedy.

3. **Charging Party should also consider:**

A. You can also avoid additional legal expenses, and the possibility that the Commission will not pursue the case if conciliation fails.

B. You also have the opportunity to work out a remedy that will best suit you, rather than dealing with uncertainty and no resolution.

C. Reaching a resolution now may avoid lengthy prosecution of the case, which can be costly in dollars, time, and emotional energy.

<u>Successful Conciliation</u>

If an agreement is reached by all parties, the written conciliation agreement will be signed by all parties, binding on all parties, and the matter will end.

**Print** | **Close Window**

Subject: Variances Info
From: ggraehling@gmail.com
Date: Fri, Apr 15, 2011 3:45 pm
To: pvalenzuela@genesisgrouppr.com

Hey Peter,
The address of the prop is 3938 E Air Ln Phoenix AZ.
Variance 1: located approx 550 feet to the southwest of our location is a parcel zoned R-3 directly in the airport runway at Sky Harbor.
Variance 2: located approx 570 feet to the northeast of our location is a parcel also zoned R-3 that has no street access and is adjacent/ possibly running thru the railroad tracks that are north of our site.
I was at the City of Phoenix zoning dept Mon speaking w/ Ed Kaiser for about an hour going thru things associated w/ our location and we could only find those 2. His opinion was neither variance would be an issue as the airport and train tracks would never be developed as residential areas. Anything else you may need from me feel free to call or shoot me an email..Thanks buddy. Geoff
Sent from my Verizon Wireless BlackBerry

Copyright © 2003-2011. All rights reserved.